**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZTE CORPORATION and ZTE (USA) INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff FlashPoint Technology, Inc. ("FlashPoint" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants ZTE Corporation and ZTE (USA) Inc. ("Defendants") as follows:

**NATURE OF THE ACTION**

2. This is a patent infringement action to stop Defendants' infringement of FlashPoint's patents including, United States Patent No. 6,223,190 ("the '190 Patent") (attached as Exhibit A) entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device," United States Patent No. 6,400,471 ("the '471 Patent") (attached as Exhibit B) entitled "Flexible Architecture for Image Processing," and United States Patent No. 6,504,575 ("the '575 Patent") (attached as Exhibit C) entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device." The '190, '471, and '575 patents are collectively referred to herein as the "Asserted Patents." FlashPoint is the legal owner of the Asserted Patents. FlashPoint seeks injunctive relief and

monetary damages.

3. This action is for direct infringement. On information and belief, Defendants manufacture, use, sell, offer for sale, and/or import into the United States products, services, methods, processes or systems that infringe the Asserted Patents either literally or under the doctrine of equivalents.

4. In addition, this is an action for indirect infringement. On information and belief, Defendants contribute to or induce the direct infringement of the methods or processes claimed in the Asserted Patents.

## THE PARTIES

5. Plaintiff FlashPoint is a company with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire, 03458.

6. Plaintiff FlashPoint is the lawful assignee and legal owner of all right, title, and interest in and to the ‘190, ‘471, and ‘575 Patents.

7. Plaintiff FlashPoint is a privately held company. It was founded as a spin-off of the Imaging Division of Apple Computer, Inc. (“Apple”) in 1996. FlashPoint focuses its business on developing technology for the digital imaging and consumer electronics industries. FlashPoint seeks to obtain patents on its innovations and license the technology to manufacturers and suppliers of, among other things, electronic imaging devices. FlashPoint’s development and licensing activities include developing, patenting, and licensing the ‘190, ‘471, and ‘575 Patents.

8. The marketplace has long recognized the value of FlashPoint’s inventions, including the Asserted Patents. FlashPoint’s patent portfolio has been widely licensed to consumer electronics companies.

9. Upon information and belief, Defendant ZTE Corporation is a foreign company organized and existing under the laws of the People's Republic of China, with its principal place of business at ZTE Plaza, No. 55 Hi-Tech Road South, Shenzhen, Guangdong Province 518057, People's Republic of China.

10. Upon information and belief, ZTE Corporation makes, sells, and/or offers for sale within the United States electronic imaging devices. Such devices include, but are not limited to, smartphones and tablet computers.

11. Upon information and belief, ZTE Corporation is the parent corporation of Defendant ZTE (USA) Inc. which operates the domestic operations of ZTE Corporation.

12. Upon information and belief, Defendant ZTE (USA) Inc. is a domestic corporation organized and existing under the laws of the state of New Jersey, with its principal place of business located at 2425 N. Central Expy., Ste. 600, Richardson, TX 750804.

13. Upon information and belief, ZTE (USA) Inc. is a wholly owned subsidiary of ZTE Corporation, and is the managing entity of the United States operations of ZTE Corporation.

14. Plaintiff has been irreparably harmed by the Defendants' infringement of its valuable patent rights. Moreover, Defendants' unauthorized and infringing uses of Plaintiff's patented technologies have threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented inventions.

15. Defendants' disregard for Plaintiff's property rights threatens

Plaintiff's relationships with existing licensees and potential licensees of Plaintiff's electronic imaging device patents. The Defendants will derive a competitive advantage over any of Plaintiff's existing licensees and future licensees from using Plaintiff's patented technology without paying compensation for such use. Accordingly, unless and until the Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## JURISDICTION AND VENUE

16. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et* seq., including 35 U.S.C. §§ 271, 281-85. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. Upon information and belief, Defendants are subject to personal jurisdiction in the State of Delaware because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates, and partners located in this judicial district. In addition, the Defendants have committed acts of direct infringement or have contributed to or induced direct infringement of one or more claims of one or more of the Asserted Patents in this judicial district.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

**COUNT I**
**(Infringement of United States Patent No. 6,223,190)**

19. Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20. On April 24, 2001, the United States Patent and Trademark Office duly and legally issued the '190 Patent to FlashPoint, as assignee of the inventors Tim Takao Aihara and Rodney Somerstein. The '190 Patent is in full force and effect. Plaintiff FlashPoint is the assignee and lawful owner of all right, title and interest in and to the '190 Patent.

21. Upon information and belief, Defendants directly infringe the '190 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, systems, or methods claimed in the '190 Patent. For example, on information and belief, Defendants make, use, sell, offer for sale, and/or import ZTE products, including the Fury, which directly infringe one or more claims of the '190 patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '190 Patent through their customers' use of ZTE products, including the Fury, to practice one or more methods patented by FlashPoint.

22. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**COUNT II**
**(Infringement of United States Patent No. 6,400,471)**

24. Paragraphs 1 through 23 are incorporated by reference as if fully restated herein.

25. On June 4, 2002, the United States Patent and Trademark Office duly and legally issued the ‘471 Patent to FlashPoint, as assignee of the inventors David Kuo and Eric C. Anderson. The ‘471 Patent is in full force and effect. Plaintiff FlashPoint is the assignee and lawful owner of all right, title and interest in and to the ‘471 Patent.

26. Upon information and belief, Defendants directly infringe the ‘471 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, systems, or methods claimed in the ‘471 Patent. For example, on information and belief, Defendants make, use, sell, offer for sale, and/or import ZTE products, including the Fury, which directly infringe one or more claims of the ‘471 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the ‘471 Patent through their customers’ use of ZTE products, including the Fury, to practice one or more methods patented by FlashPoint.

27. Defendants’ wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**COUNT III**
**(Infringement of United States Patent No. 6,504,575)**

29. Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30. On January 7, 2003, the United States Patent and Trademark Office duly and legally issued the ‘575 Patent to FlashPoint, as assignee of the inventors Michael A. Ramirez and Eric C. Anderson. The ‘575 Patent is in full force and effect. Plaintiff FlashPoint is the assignee and lawful owner of all right, title and interest in and to the ‘575 Patent.

31. Upon information and belief, Defendants directly infringe the ‘575 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, systems, or methods claimed in the ‘575 Patent. For example, on information and belief, Defendants make, use, sell, offer for sale, and/or import ZTE products, including the Fury, which is used to directly infringe one or more claims of the ‘575 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the ‘575 Patent through their customers’ use of ZTE products, including the Fury, to practice one or more methods patented by FlashPoint.

32. Defendants’ wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and importing the patented inventions.

33. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**RELATED LITIGATION**

34. The ‘190, ‘471 and ‘575 Patents are currently asserted in litigation in the District of Delaware in *FlashPoint Technology Inc. v. Aiptek Inc. et al.*, Case No. 1:08-cv-00139-GMS. *FlashPoint v. Aiptek Inc., et al.* is the consolidation of the following actions: *FlashPoint v. AT&T Mobility LLC, et al*., 1:08-cv-00140 (filed March 7, 2008) in which the ‘471, ‘575, and ‘190 Patents were asserted; *FlashPoint v. General Imaging Co.*, 1:08-cv-00928 (filed Dec. 9, 2008) in which the ‘575 and ‘190 Patents were asserted; *FlashPoint v. Kyocera Telecommunications, Inc.*, 1:08-cv-00927 (filed Dec. 9, 2008) in which the ‘190 Patent was asserted; and *FlashPoint v. Aiptek, Inc., et al.*, 1:09-cv-00106 in which none of the Asserted Patents were asserted. *FlashPoint v. Aiptek Inc., et al.* is currently stayed.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, granting Plaintiff the following relief:

A. That this Court adjudge and decree that the ‘190 Patent is valid and enforceable against Defendants, that the ‘471 Patent is valid and enforceable against the Defendants, and that the ‘575 Patent is valid and enforceable against the Defendants;

B. That this Court adjudge and decree that the Defendants have infringed the ‘190 Patent, the ‘471 Patent, and the ‘575 Patent;

C. That this Court permanently enjoin the Defendants, and their parents, subsidiaries, affiliates, successors, and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active

participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software, and/or components, and/or making use of systems, processes, and/or methods that infringe any of the claims of the Asserted Patents, or otherwise engaging in acts of infringement of the Asserted Patents, all as alleged herein;

D. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendants' infringement;

E. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendants that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F. That this Court assess pre-judgment interest, post-judgment interest, and costs against the Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G. That this Court declare this case to be exceptional and direct Defendants to pay FlashPoint's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

H. That this Court grant to Plaintiff such other, further, and different relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated: May 23, 2012

/s/ *James G. McMillan, III*

Edmond D. Johnson (Del. Bar No. 2257)
James G. McMillan, III (Del. Bar No. 3979)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Attorneys for Plaintiff, FlashPoint Technology, Inc.*